**Bayasgalan Agvaan OCHIR; Khulan Naranbaatar, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–75309.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 30, 2008.

Robert Pauw, Gibbs Houston Pauw, Seattle, WA, for Petitioners.

Bayasgalan Agvaan Ochir, West Lynnwood, VA, pro se.

Bunjinjargal Bayasgalan, West Lynnwood, WA, pro se.

Khulan Naranbaatar, West Lynnwood, WA, pro se.

John E. Cunningham, II, Esquire, Robert N. Markle, Esquire, OIL, Norah Ascoli Schwarz, Esquire, Kohsei Ugumori, Esquire, U.S. Department of Justice, Elizabeth J. Stevens, Assistant Director, Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Bayasgalan Agvaan Ochir, his daughter, and his former wife, natives and citizens of Mongolia, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

substantial evidence, *Nahrvani v. Gonzales,* 399 F.3d 1148, 1151 (9th Cir.2005), and we grant petition for review and remand.

Substantial evidence does not support the BIA's determination that the Mongolian government is willing or able to protect Ochir from persecution because Ochir's credible testimony and asylum application statement established that he was attacked in jail because of his political opinion and that the government ignored his reports of the attack. *See Kalubi v. Ashcroft,* 364 F.3d 1134, 1137 (9th Cir.2004) ("Testimony must be accepted as true in the absence of an explicit adverse credibility finding.").

Because this finding was the BIA's basis for denying relief, we grant the petition for review and remand Ochir's asylum, withholding of removal, and CAT claims to the BIA for further proceedings consistent with this decision. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

We deny Ochir's request to hold proceedings in abeyance pending the adjudication of the I–130 petition filed on his behalf.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. Petr. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.